IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-46-FL

| | | |
|---|---|---|
| CHRISTOPHER DOLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JORDAN KINDRED, Officer, Riverside | ) | |
| Regional Jail Authority; KAREN CRAIG, | ) | ORDER |
| Acting Superintendent, Riverside Regional | ) | |
| Jail Authority; JEFFERY NEWTON, | ) | |
| Colonel, Retired Superintendent, Riverside | ) | |
| Regional Jail Authority; and WALTER | ) | |
| MINTON, Major, Deputy Superintendent, | ) | |
| Riverside Regional Jail Authority, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates, regarding plaintiff's motion to proceed in forma pauperis and frivolity review of plaintiff's complaint. Plaintiff has filed response to M&R stating he has no objection to the M&R and agrees with the recommendations made. (See DE 7). This matter is ripe for ruling.

Upon careful review of the M&R and of the record generally, having found no clear error, the court hereby ADOPTS the recommendation of the magistrate judge as its own. See, e.g., McCutchen v. McCutchen, 360 N.C. 280, 283 (2006) (citation omitted) (holding that to establish a claim for alienation of affection, plaintiff must allege that "'(1) [t]hat [she and her husband] were happily married, and that a genuine love and affection existed between them; (2) that the love and affection so existing was alienated and destroyed; [and] (3) that the wrongful and malicious acts of

the defendant[] produced and brought about the loss and alienation of such love and affection.'"); see also Nunn v. Allen, 154 N.C. App. 523, 535 (2002) (citation omitted) (holding that "elements of the tort of criminal conversation 'are the actual marriage between the spouses and sexual intercourse between defendant and the plaintiff's spouse during the coverture.'").

Plaintiff's claims asserted against defendants Craig, Newton, and Minton are DISMISSED WITHOUT PREJUDICE, and plaintiff's motion for partial summary judgment is DENIED WITHOUT PREJUDICE. The case may proceed on the claims against defendant Kindred. The clerk is DIRECTED to file plaintiff's complaint and issue the summons prepared by plaintiff (DE 1-3), and the U.S. Marshal is DIRECTED to serve defendant Kindred by delivering summons to the address listed for him in the summons along with a copy of the complaint and this order, pursuant to Fed. R. Civ. P. 4(i)(2).

SO ORDERED, this the 1st day of July, 2019.

LOUISE W. FLANAGAN
United States District Judge