IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-46-FL

| | | |
|---|---|---|
| CHRISTOPHER DOLIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| JORDAN KINDRED, Officer, Riverside Regional Jail Authority, | ) ) ) ) | |
| Defendant.[1] | ) | |

This matter is before the court upon defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim (DE 15). Plaintiff responded in opposition, and also has filed a motion to compel compliance with subpoena for documents (DE 29). In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted and plaintiff's motion is denied as moot.

**STATEMENT OF THE CASE**

Plaintiff commenced this action by motion for leave to proceed in forma pauperis on April 4, 2019. Upon frivolity review, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court allowed plaintiff to proceed with a claim for alienation of affection and criminal conversation against defendant, an

---

1     The court constructively has amended the caption of this order to reflect dismissal of formerly-named defendants.

1

officer at Riverside Regional Jail in Virginia. Plaintiff seeks compensatory damages, expenses, and interest.[2]

Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), asserting lack of personal jurisdiction over defendant as well as failure to state a claim upon which relief can be granted. Plaintiff responded in opposition on August 30, 2019, relying upon an email from plaintiff to defense counsel as well as documents received from defense counsel. Plaintiff filed the instant motion to compel compliance with subpoenas on September 30, 2019.

## STATEMENT OF ALLEGED FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff is a resident of Greenville, North Carolina. Defendant is an officer at Riverside Regional Jail in North Prince George, Virginia (hereinafter, the "jail"). Plaintiff alleges that on January 2, 2018, defendant began to sexually harass plaintiff's spouse, Christina Rawls-Dolin ("Rawls-Dolin"), who was employed as a mental health specialist at the jail. Plaintiff alleges that this harassment developed into a "dating/sexual relationship." (Compl. (DE 1-1) at 3).[3] On April 28, 2018, defendant's "actions towards Rawls-Dolin resulted in plaintiff vacating the shared residence." (Id.). On September 1, 2018, "the relationship was ended by Rawls-Dolin." (Id.). Defendant's ongoing harassment towards Rawls-Dolin had effect on plaintiff's family, "to include having to maintain

---

2   Plaintiff has two additional cases pending before this court on frivolity review: Dolin v. Kindred, et al., 5:19-CV-433-FL (E.D.N.C.) and Dolin v. Wellpath, et al., 4:19-CV-88-FL (E.D.N.C.). The court will address those actions by separate order.

3   Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

separate households." (Id.). According to the complaint, defendant continues to sexually harass Rawls-Dolin through touching, verbal communications, and stalking.

Plaintiff alleges that he has incurred damages in the amount of $75,001 for mental anguish, emotional distress and loss of enjoyment of life. He has incurred $20,196 for expenses in maintaining separate houses. Plaintiff alleges that jail officers have allowed defendant to remain under their employ with allegations of physical and verbal abuse towards staff, contractors and inmates.

## DISCUSSION

A.  Standard of Review

Rule 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

"To survive a motion to dismiss," under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to

relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

   1.   Personal Jurisdiction

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Where, as here, "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, . . . the dual jurisdictional requirements collapse into a single inquiry" into whether personal jurisdiction comports with due process. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The due process inquiry "can be undertaken through two different approaches – by finding specific jurisdiction . . . or by finding general jurisdiction." ALS Scan, Inc. v. Digital Serv. Consul., Inc., 293 F.3d 707, 711 (4th Cir. 2002).

A court may exercise general jurisdiction over a defendant when the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564

U.S. 915, 919 (2011) (citing Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 317 (1945)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Id. at 924.

"To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (quotations omitted); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–76 (1985). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283–84 (2014) (quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284.

In this case, plaintiff fails to establish a prima facie case of personal jurisdiction over defendant. Plaintiff alleges that defendant is a resident of Virginia, and plaintiff alleges no contacts by defendant with North Carolina. The allegations in the complaint concern defendant's conduct in sexually harassing plaintiff's spouse at their place of employment, at the jail in Virginia. (See Compl. (DE 1-1) at 3). Plaintiff has not alleged defendant has a domicile in North Carolina, nor such "continuous and systematic" contacts to render defendant "at home" in the state. Goodyear, 564 U.S. at 919. Accordingly, plaintiff has not established general jurisdiction. In addition, plaintiff has not alleged defendant "purposefully availed" himself of activities in the state

5

nor any claim "arising out of" such activities. Mitrano, 377 F.3d at 407. Thus, plaintiff fails to establish personal jurisdiction over defendant.

Plaintiff asserts three grounds for personal jurisdiction in opposition to defendant's motion, each of which are unavailing. First, plaintiff asserts that defendant regularly travels between Tennessee and Virginia, crossing through North Carolina. Such travel, however, is insufficient to establish that defendant is "at home" in the state. Goodyear, 564 U.S. at 919. Second, plaintiff asserts that "[h]ad the defendant no committed his acts towards the Plaintiff's spouse, then the Plaintiff would not have had to move to North Carolina." (DE 21 at 1). This assertion speaks to plaintiff's activities in North Carolina, but does not establish that defendant purposefully availed himself of activities in North Carolina. Finally, plaintiff points out that defendant has counsel in North Carolina. Such counsel, however, does not establish defendant's domicile in North Carolina, nor has plaintiff asserted any claim "arising out of" such relationship between defendant and his counsel. Mitrano, 377 F.3d at 407.

In sum, plaintiff's asserted grounds for jurisdiction are unavailing. Where this court lacks personal jurisdiction over defendant, claims against defendant must be dismissed as a matter of law.

2. Failure to State a Claim

Plaintiff also fails to state a claim upon which relief can be granted. In determining the law applicable to plaintiff's alienation of affection and criminal conversation claims, the court applies North Carolina choice of law rules. "For actions sounding in tort, the state where the injury occurred is considered the situs of the claim." Boudreau v. Baughman, 322 N.C. 331, 335, (1988). "Thus, under North Carolina law, when the injury giving rise to a negligence or strict

liability claim occurs in another state, the law of that state governs resolution of the substantive issues in the controversy." Id.; see, e.g., Darnell v. Rupplin, 91 N.C. App. 349, 351 (1988) ("[B]efore North Carolina substantive law can be applied to plaintiff's action, she must prove that the tortious injury, defendant's alienation of her husband's affection, occurred in North Carolina.")

Here, where defendant is alleged to have committed acts of harassment and sexual relationship with plaintiff's spouse in Virginia, and where there is no allegation of any criminal conversation or alienation of affection taking place in North Carolina, the law of Virginia governs plaintiff's claims. See id. Under Virginia law, "no civil action shall lie or be maintained . . . for alienation of affection . . . or criminal conversation." Va. Code § 8.01-220.

Therefore, plaintiff's claims fail as a matter of law and must be dismissed on this additional basis.

3. Motion to Compel

Where plaintiff's claims must be dismissed for lack of jurisdiction and for failure to state a claim, plaintiff's motion to compel compliance with subpoenas necessarily is denied as moot.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss, (DE 15), and DENIES plaintiff's motion to compel (DE 29). Plaintiff's claims are DISMISSED WITH PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

7